GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR23-01084-PHX-SPL |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Keith Bryant Scroggins, | |
| Defendant. | |

Defendant Keith Bryant Scroggins ("Defendant" or "Scroggins") pleaded guilty to Count 1, Dealing Firearms Without a License. The United States recommends that Defendant receive a sentence of eighteen (18) months imprisonment. The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("Draft PSR"). (ECF 20.) The United States agrees with the Draft PSR calculations resulting in a Final Offense Level of 15 and Criminal History Category I. Draft PSR at ¶¶ 24, 28, 55, and 68. This results in a Guidelines range of 18–24 months' imprisonment. However, the government does not agree with the probations officer's recommendation of twelve months and one day imprisonment. The United State's sentencing recommendation is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant Scroggins on July 18, 2023.  On January 29, 2024, Scroggins pleaded guilty to Count 1 of the Indictment, Dealing Firearms without a License, in violation of 18 United States Code §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D). Defendant agreed with the following facts set forth in his plea agreement at the change of plea proceeding.

Over a six-month period in 2022, Defendant Scroggins purchased dozens of firearms for the purpose of reselling them at a profit.  Defendant Scroggins purchased three other firearms in 2021.  Defendant Scroggins did not have a license to sell firearms.  Six of the firearms purchased were recovered in California.

### II.    UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Scroggins receive a sentence of no more than 18 months in the Bureau of Prisons ("BOP"), which is the low-end of the Guidelines.  The government also recommends the term of incarceration be followed by a term of three-years' supervised release.  As calculated in the PSR, Defendant Scroggins has a Total Offense Level of 15, Criminal History Category I, and a Guidelines range of 18–24 months' imprisonment.  The United States will dismiss the outstanding ten counts of the Indictment.

### A.    A Sentence of 18 months in BOP is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50

(2007)).   As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).  The United States submits that no more than 18 months imprisonment for this defendant is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).  Defendant Scroggins purchased dozens of firearms within a six-month period in 2022, and three other firearms in 2021.  Several of the firearms were recovered by law enforcement, and all in California.  The nature and circumstances of Scroggins's offenses call for Guideline prison sentence.  The nature and circumstances of Defendant's actions justify a sentence of no more than 18 months in the BOP.

### 2.    Defendant's History and Characteristics

While Defendant Scroggins does not have a criminal history, his conduct shows a disregard for the law.  A Guideline sentence is appropriate.

### 3.    Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Purchasing dozens of firearms to sell to unknown persons is serious.  The firearms could easily get into the hands of people who could not lawfully purchase firearms from an FFL. Defendant Scroggins's crime warrants a prison sentence.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).   A prison sentence is appropriate to deter Defendant from committing future crimes.   The need for deterrence also extends beyond preventing recidivism by Defendant. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451

F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing"). If Defendant Scroggins is not sentenced to a term of incarceration, as the probation officer recommends, there is no deterrent to Scroggins, or others, from engaging in criminal conduct. Defendant Scroggins's sentence must be sufficient to deter him and other persons who engage in criminal conduct.

### 5.    Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). Defendant Scroggins's conduct is serious because it impedes law enforcement from regulating which individuals possess firearms. A Guidelines sentence is appropriate.

### 6.    Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). From a review of the Draft PSR, it is unclear if Defendant Scroggins could benefit from drug, alcohol, or mental health treatment. If any treatment or vocational training would be beneficial, Scroggins can receive treatment for that while in prison.

### B.    A 3-Year Term of Supervised Release is Appropriate under § 3583(c)

The United States recommends that Defendant Scroggins be placed on supervised release for three years. This term is warranted by the nature and circumstances of Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.). It will provide the structure necessary to ensure Scroggins remains law abiding. This will protect the public from further crimes by Defendant Scroggins and deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

## III.    CONCLUSION

The United States recommends that Scroggins receive a sentence no more than 18 months imprisonment.    The United States further recommends that Defendant receive a term of 3 years' supervised release.    For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 18th day of March, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on March 18, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Chalet Braziel
Counsel for Defendant Scroggins

*s/ J. Schesnol*
U.S. Attorney's Office